**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re

Maria C. Ware

                                            CHAPTER   11
                                            CASE NO.   3:10-bk-00158-JAF

           Debtor(s)
_____/

**MOTION FOR RELIEF FROM STAY FILED BY WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AS OF NOVEMBER 1, 2004 ASSEST-BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-WHQ2 REGARDING REAL PROPERTY**

      WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AS OF NOVEMBER 1, 2004 ASSEST-BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-WHQ2 ("Creditor"), pursuant to §§362(d)(1) and (2) of the Bankruptcy Code, hereby moves this Court for entry of an order granting relief from stay as to the bankruptcy estate and as to the Debtor(s), and states:

      1.      For value received, the Debtor(s) executed and delivered a Promissory Note ("Note") as evidence of indebtedness to Creditor.

      2.      The Debtor executed and delivered a Mortgage to Creditor securing said indebtedness with the following property: **REAL PROPERTY LOCATED AT: 1708 VALENCIA AVE, ORMOND BEACH, FL 32174 / LEGALLY DESCRIBED AS: LOT 3, SILVER PINES SUBDIVISION, ACCORDING TO THE MAP OR PLAT THEREOF, AS RECORDED IN MOP BOOK 29, PAGE 23, OF THE PUBLIC RECORDS OF VOLUSIA COUNTY, FLORIDA.** ("Collateral").

      3.      Creditor is the present owner and holder for value of the Note and Mortgage and holds a perfected lien on the Collateral. Copies of the relevant loan document(s) are attached hereto as Exhibit "A" & "B".

      4.      Creditor is owed the amounts referenced in the attached Affidavit plus any changes accruing subsequent to the date of the Affidavit.

5. The Debtor(s) defaulted under the terms of the Note and/or Mortgage with Creditor by failing to make all payments when due as specified in the attached Affidavit, Exhibit "C". Debtor has not made any payments since the payment of October 1, 2008 and is now due for November 1, 2008. To the extent that the Debtor has rented this property, Debtor has skimmed the rent and converted the rents to her own use and benefit.

6. The Debtor(s), and the estate, have made no offer of adequate protection other than to propose a Plan to Value the property and as a result Creditor lacks adequate protection.

7. The Collateral is diminishing and decreasing in value and continues to do so by virtue of the continued use of the Collateral by the Debtor(s) without payments to Creditor.

8. The Debtor(s), and the estate, lack equity in the Collateral as demonstrated by the Plan that has been filed claiming the collateral is worth less than the Debt on the property. .

9. The Collateral is not necessary to an effective reorganization in that Debtor should not be able to retain non homestead real property, and seek to build equity in same while at the same time not devoting 100% of the Debtor's disposable income to fund a Plan.

10. Pursuant to the terms of the Contract between the parties, the Debtor(s) is/are obligated to pay Creditor's reasonable attorneys' fees and court costs. Creditor has retained the undersigned attorneys and has agreed to pay them a reasonable fee for their services rendered in connection with this Motion.

11. Creditor asserts sufficient cause exists to waive the requirement of Bankruptcy Rule 4001(a)(3), therefore allowing an Order to be effective upon this Honorable Court's signature. In addition Creditor prays that the Court suspend the Rule in all instances in which there is a Consent on the part of the Debtor(s).

12. The account at issue is presently due for the payment due November 1, 2008 and all subsequent payments which have come due through the date of this Motion.

WHEREFORE, Creditor requests that the Court enter an order modifying or terminating the automatic stay as to the Debtor(s) and to the estate to permit Creditor to enforce its in rem contractual and state law remedies as against the Collateral and for such other relief as requested above.

/s/ Larry M. Foyle, Esq.
Larry M. Foyle, Esq.
Kass, Shuler, Solomon, Spector,
   Foyle & Singer, P.A.
P.O. Box 800
Tampa, FL 33601
Phone: (813) 229-0900 Ext. 1353
Fax:    (813) 769-7563
lfoyle@kasslaw.com
Florida Bar No. 307343

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT a true and correct copy of the foregoing was furnished on February 12, 2010, by U.S. Mail and/or electronic mail via CM/ECF pursuant to Local Rule 7005-3 to:  Maria C. Ware, 208 Zaharais Circle, Daytona Beach, FL 32124; Brett A Mearkle, Esq., 8777 San Jose Blvd Suite 301, Jacksonville, FL 32217; Office of the United States Trustee , 135 West Central Boulevard, Suite 620, Orlando, FL, 32801 ; Timothy S. Laffredi, 135 West Central Boulevard Suite 620, Orlando, FL 32801 and all parties in interest on the attached matrix pursuant to Local Rule 1007-2 and, if applicable, F.R.B.P. 1007(d), 2002; and 4001(d).

## Rule 7005-3

## SERVICE BY ELECTRONIC MEANS UNDER RULE 5(b)(2)(D)

A party may make service under Rule 5 (b) (2) (D) of the Federal Rules of Civil Procedure through the Court's electronic transmission facilities if the party being served is a Filing User or otherwise consents in writing to electronic service.

/s/ Larry M. Foyle, Esq.
Larry M. Foyle, Esq. (x1353)

1001308/slf